IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MIGDONIO ALTAMIRANO,

                          Petitioner,

v.                                          OPINION and ORDER

WARDEN EMMERICH,                          25-cv-575-jdp

                          Respondent.

---

Migdonio Altamirano, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, requesting an order directing the Bureau of Prisons (BOP) to apply First Step Act time credits entitling him to transfer to a residential reentry center or home confinement sometime in 2025. Because Altamirano is the subject of a final order of removal that prohibits application of those time credits, I will deny the petition.

BACKGROUND

Altamirano was convicted in the Southern District of Texas of conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951(a). *United States v. Altamirano*, No. 17-cr-345 (S.D. Tex.), Dkt. 485 (judgment of conviction). Altamirano's projected release date with good-time credits is December 6, 2026. Dkt. 14-1. He has accrued at least 435 days of First Step Act time credits that in certain circumstances could be applied toward placement in a residential reentry center or in home confinement. *See* Dkt. 14-5.

In May 2018, the Department of Homeland Security issued an "Immigration Detainer - Notice of Action," stating that there was probable cause that Altamirano is a removable alien. Dkt. 14-6. In September 2025, after Altamirano had filed his habeas petition, the Department

of Homeland Security issued a final administrative removal order stating that Altamirano is deportable as an alien convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). Dkt. 14-7.

ANALYSIS

Altamirano initially contended that through application of his First Step Act time credits, he is entitled to transfer to placement in a residential reentry center or in home confinement, but that the BOP has unlawfully kept him in prison because of an immigration detainer against him. That argument had potential merit at the time that Altamirano filed his petition. *See Alqsous v. Emmerich*, No. 25-cv-722-jdp (W.D. Wis. Sept. 5, 2025) (collecting cases suggesting that BOP's First Step Act time credit policy regarding prisoners with detainers violates the First Step Act). But during the briefing of Altamirano's petition, the Department of Homeland Security issued a final order of removal against him. That means that the BOP cannot now apply his First Step Act credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("[a] prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws").

Altamirano argues that the BOP should have applied his credits before the final order of removal was entered against him, and that the government's failure to do so and subsequent entry of the final order of removal violated the Ex Post Facto Clause of the United States Constitution. But I have previously rejected this argument, stating that the plain language of the First Step Act precludes application of earned credits once a final order of removal is reinstated, even after a habeas petition was filed. *Ruiz Tapia v. Emmerich*, No. 25-cv-668-jdp, 2025 WL 3163824, at *1 (W.D. Wis. Oct. 27, 2025); *see also Blandon-Sanchez v. FCI Fort Dix*

2

*Warden*, No. CV 24-10923, 2025 WL 2426756, at *1 (D.N.J. Aug. 22, 2025) ("any entitlement to [FSA time credits] Petitioner may possess, are inherently contingent on an inmate's lack of a final order of removal"); *Becerra v. Birkholz*, No. 2:24-CV-4273, 2025 WL 898062, at *4 (C.D. Cal. Feb. 14, 2025) (The First Step Act's prohibition of application of credits for inmates with final orders of removal "has been in effect since the enactment of the FSA so there cannot be an ex post facto violation."), report and recommendation adopted, No. 2:24-CV-4273, 2025 WL 896441 (C.D. Cal. Mar. 24, 2025). I cannot order the BOP to apply Altamirano's credits now that the final order of removal has been issued.

In his reply, Altamirano contends that BOP officials are also violating the Second Chance Act and that he wishes to challenge their interpretations of the First Step Act and Second Chance Act under the Administrative Procedure Act (APA), 5 U.S.C. § 701, *et seq.* But an APA claim doesn't add anything to the First Step Act analysis: I have already concluded that the plain language of that law prohibits the BOP from applying his credits. And Altamirano did not develop a Second Chance Act claim in his original petition or brief supporting it, so I won't consider such a claim. *Cf. White v. United States*, 8 F.4th 547, 552–53 (7th Cir. 2021) (arguments raised for first time in reply brief are waived). I will deny his habeas petition.

ORDER

IT IS ORDERED that:

1. Petitioner Migdonio Altamirano's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered November 21, 2025.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge